**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TONY BUCK, | ) Case No. CV 23-3115-RGK (JPR) |
| Petitioner, | ) |
| | ) ORDER SUMMARILY DISMISSING HABEAS |
| v. | ) PETITION |
| | ) |
| BRIAN BIRKHOLTZ, Warden, | ) |
| | ) |
| Respondent. | ) |

**BACKGROUND**

On April 24, 2023, Petitioner, who is housed at the U.S. Penitentiary at Lompoc, filed under 28 U.S.C. § 2241 a Petition for Writ of Habeas Corpus by a Person in Federal Custody.

In September 1995, Petitioner — looking for "cash sent through the mail" — robbed a postal worker at gunpoint and a week later with accomplices robbed and shot in the head a different postal worker. United States v. Buck, 23 F.4th 919, 922 (9th Cir. 2022). He was convicted in 1996 in the District of Arizona of two counts of assaulting a mail carrier with intent to steal mail under 18 U.S.C. § 2114(a), one count of attempted murder of a mail carrier under § 1114, and three counts of using a firearm during and in relation to a crime of violence under § 924(c)(1),

1

as well as an aiding-and-abetting charge. See id. at 922-23; (see also Pet., ECF No. 1 at 2).[1] He was sentenced to a total prison term of 510 months. Buck, 23 F.4th at 923. He appealed, but the Ninth Circuit Court of Appeals affirmed the judgment. See United States v. Buck, 133 F.3d 929 (9th Cir. 1997) (unpublished). And the Supreme Court denied his petition for a writ of certiorari. Buck v. United States, 524 U.S. 962 (1998).

In 2016, Petitioner filed in the District of Arizona a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Buck v. United States, Nos. CV-16-02018-PHX-SRB (BSB) & CR-95-00386-PHX-SRB, 2018 WL 6111787, at *1 (D. Ariz. Nov. 1, 2018), accepted by 2018 WL 6110938 (D. Ariz. Nov. 21, 2018), aff'd, 23 F.4th at 919; (see Pet. at 2). He argued that "his convictions for armed postal robbery under § 2114(a) were not 'crimes of violence' that triggered the application of § 924(c), which imposes a mandatory consecutive term of imprisonment for using or carrying a firearm 'during and in relation to any crime of violence.'" Buck, 2018 WL 6111787, at *1 (quoting § 924(c)(1)(A)). The district court denied his § 2255 motion and a certificate of appealability. Buck, 2018 WL 6110938, at *1.

Petitioner nonetheless appealed to the Ninth Circuit. (See Pet. at 3.) In his September 7, 2021 Reply, he argued that under Borden v. United States, 141 S. Ct. 1817 (2021) (plurality opinion), § 2114 did "not meet either the force or intent requirements of 924(c)(3)(A)" for a crime of violence because the assault could be "based upon reckless or even negligent conduct."

---

[1] Throughout, the Court uses the pagination generated by its Case Management/Electronic Case Filing system.

See Reply at 21, United States v. Buck, No. 18-17271 (9th Cir. Sept. 7, 2021), ECF No. 61 at 25. The Ninth Circuit rejected the Borden argument and affirmed:

> Buck also argues that § 2114(a) is not a crime of violence because it permits a conviction for merely reckless conduct. See Borden, 141 S.Ct. at 1821-22 (plurality opinion). That is incorrect. Buck's jury instructions mirrored the relevant language in § 2114(a), and neither the instructions nor § 2114(a) contain any suggestion that mere recklessness would suffice.
>
> Instead, § 2114(a) requires intentional wrongdoing. Buck's aggravated assault offense of conviction punishes a person who "with intent to rob, steal, or purloin [] mail matter . . . puts [the victim's] life in jeopardy by the use of a dangerous weapon." (emphasis added). The intent requirement in the aggravated offense extends not only to the robbery but also to the use of the dangerous weapon. See Torres v. Lynch, 578 U.S. 452, 467, 136 S.Ct. 1619, 194 L.Ed.2d 737 (2016) ("In general, courts interpret criminal statutes to require that a defendant possess a mens rea, or guilty mind, as to every element of an offense."); United States v. Sua, 307 F.3d 1150, 1154 (9th Cir. 2002) ("Traditionally, the mens rea of a crime extends to each element of that crime.").
>
> . . . .
>
> We therefore join every circuit to have addressed the question — the Fourth, Fifth, Sixth, Seventh, and Eleventh — in holding that an offender who assaults a

mail carrier with intent to steal mail, while placing the mail carrier's life in jeopardy by the use of a dangerous weapon, commits a crime of violence under § 924(c)(3)(A).

Buck, 23 F.4th at 929 (some alterations in original).

**DISCUSSION**

Generally, after a conviction and sentence are final, the only mechanism for a federal prisoner to seek relief from judgment is through § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). Prisoners may file only one § 2255 motion, and only within certain strict time limits. See § 2255(f), (h). Under the "savings clause" of § 2255, however, a prisoner may file a federal habeas petition when it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." § 2255(e). To qualify under that clause, a petitioner must claim he is actually innocent and not have had an "unobstructed procedural shot" at presenting the claim earlier. Harrison v. Ollison, 519 F.3d 952, 959 (9th Cir. 2008).

The ban on unauthorized successive § 2255 motions does not render § 2255 inadequate or ineffective. See Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006). When a federal prisoner files a § 2241 petition, a district court must answer the "threshold jurisdictional question" of whether the "petition is properly brought under § 2241 or is, instead, a disguised § 2255 motion." Marrero v. Ives, 682 F.3d 1190, 1194 (9th Cir. 2012).

Petitioner is not challenging the manner in which his sentence is being executed but the legality of his § 924(c) convictions. (See Pet. at 6.) The Petition's claim concerns §

2114(a) "NOT MEET[ing] THE ELEMENTS OF 924(c)(3)(A)" for a crime of violence "AFTER BORDEN" because "the 2114(a) enhancement does not require a defendant to have a specific mental state." (Id. at 3.) But the Ninth Circuit already addressed his argument and denied relief. See Buck, 23 F.4th at 929. Therefore, he does not qualify for § 2255(e)'s "savings clause" because he can't show that he has not had an unobstructed procedural shot at raising the Petition's claim earlier. See Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003) (as amended) (for savings clause to apply, petitioner "must never have had the opportunity to raise [his claim] by motion"); see also Simmons v. United States, No. ED CV 16-01503 MWF (AFM), 2016 WL 4059630, at *2 (C.D. Cal. July 26, 2016) (holding that petitioner had "not shown she did not have an unobstructed procedural shot" when she had already presented same claims in unsuccessful § 2255 motion).

Section 2255 provides Petitioner a mechanism for seeking leave to file a second or successive § 2255 motion, and it starts in the Ninth Circuit. See Jones v. United States, 36 F.4th 974, 980 (9th Cir. 2022) ("[B]efore a person in federal custody can file a second or successive motion in district court, § 2255(h) requires that a court of appeals certify the motion."). But a review of the Ninth Circuit's docket indicates that he apparently has not asked for or received permission to bring his claim again. See Harrison, 519 F.3d at 962 (petitioner could not proceed with disguised successive § 2255 motion without order from Ninth Circuit authorizing it (citing § 2244(b)(3)(A)).) Because Petitioner's § 2241 Petition is a disguised successive § 2255 motion, it must be dismissed. Moreover, this Court is bound

by the Ninth Circuit's holding that Borden doesn't apply. See Hart v. Massanari, 266 F.3d 1155, 1175 (9th Cir. 2001) ("district court bound by circuit authority . . . has no choice but to follow it"); see also Jones, 36 F.4th at 986 (holding that petitioner's Borden claim failed "to make a prima facie showing under § 2255(h)(2) because Borden did not announce a new 'constitutional' rule" (quoting Ezell v. United States, 778 F.3d 762, 766 (9th Cir. 2015))).

In sum, Petitioner has not shown that § 2255 is inadequate or ineffective as a means of providing him relief. His § 2241 Petition is nothing but a disguised § 2255 motion. IT THEREFORE IS ORDERED that the Petition is dismissed and that Judgment be entered dismissing this action.[2]

DATED: 6/15/2023

R. GARY KLAUSNER
U.S. DISTRICT JUDGE

Presented by:

Jean Rosenbluth
U.S. Magistrate Judge

---

[2] Local Rule 72-3.2 provides that "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge."